

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2006

# Gresh v. Godshall

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4181

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gresh v. Godshall" (2006). *2006 Decisions.* Paper 1606.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1606

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-62                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4181
_____

STEPHEN KARL GRESH,

Appellant

v.

MICHAEL GODSHALL, JR., Officer, Officer of the Exeter Police Department in his
official and individual capacity; MICHAEL BAILEY III, Detective, of the Exeter Police
Department in his Official and Individual Capacity; ADALBERTO CARRASQUILLO,
Officer of the Exeter Police Department in his Official and Individual Capacity;
GREGORY DAVIS, Officer of the Exeter Township Police Department in his Official
and Individual Capacity
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D.Pa. Civ. No. 04-cv-03727)
District Judge: Honorable Norma L. Shapiro
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2005

Before:    ROTH, FUENTES AND VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed:  February 9, 2006)

_____

OPINION
_____

PER CURIAM

In August 2004, pro se appellant Stephen Karl Gresh filed a complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by several officers of the Exeter Township, Pennsylvania Police Department who arrested him in October and November of 2002.[1] The complaint, which Gresh later amended, sought declaratory relief and damages for alleged false arrest and imprisonment, illegal search and seizure, malicious prosecution, "violations of procedural and substantive due process," conspiracy, "punitive police misconduct/outrageous governmental misconduct," and infliction of emotional distress.

By order entered August 2, 2005, the District Court granted the defendants' motions to dismiss the complaint for failure to state a claim. Gresh appealed.[2] We have

---

[1] The original complaint also named the Berks County District Attorney and several John and Jane Doe defendants. The District Court dismissed as legally frivolous the claims brought against the District Attorney, holding that "absolute immunity shields prosecutors from liability for damages related to their official acts. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976)." The claims against the John and Jane Doe defendants were dismissed without prejudice to their "reassertion if, and when, plaintiff can amend his complaint to identify with adequate specificity such defendants and the manner in which each defendant violated his constitutional rights." Gresh abandoned the latter claims by omitting them from his first amended compliant, and any amendment to his allegations concerning the District Attorney would have been futile.

[2] Gresh filed his notice of appeal on September 8, 2005. The Appellees filed a motion to dismiss the appeal, arguing that the notice of appeal was untimely filed. See Fed. R. App. P. 4(a)(1)(A) (providing 30-day time to appeal final orders in civil actions to which United States is not party). On October 3, 2005, Gresh filed in the District Court a timely motion to extend the time for filing the notice of appeal. See Fed. R. App. P. 4(a)(5). By order entered October 14, 2005, the District Court granted the motion for extension of time and directed Gresh to refile a notice of appeal within 10 days, which he did. Consequently, the Appellees' motion to dismiss will be denied.

jurisdiction under 28 U.S.C. § 1291. We can affirm the District Court on any basis supported in the record. See Fairview Township v. EPA, 773, F.2d 517, 524 n.15 (3d Cir. 1985).

On October 15, 2002, a District Justice issued a warrant for Gresh's arrest for burglary and related charges. That warrant was based on an affidavit of probable cause stating that on October 10, 2002, a named witness observed Gresh leave the victims' home carrying electronic equipment and place that equipment into a small black vehicle. The affidavit also stated that the victims had previously indicated to the police that Gresh did not have permission to enter or remove items from the home. Gresh was arrested at a grocery store on October 24, 2002. Incident to the arrest, the police impounded Gresh's automobile and conducted an inventory search pursuant to police department policies and procedures. Marijuana and drug paraphernalia were found in the trunk. Based on that discovery, the police applied for a second warrant for Gresh's arrest. A District Justice issued an arrest warrant on October 28, 2002, and Gresh was taken into custody. The burglary and related charges were dismissed following a preliminary hearing on November 27, 2002. On June 5, 2003, the drug charges resulting from the automobile search were dismissed, and Gresh pled guilty to disorderly conduct.

Gresh alleges that he was arrested without probable cause. Because Gresh was arrested pursuant to a facially valid warrant, to succeed on his § 1983 claim for false arrest, he must prove that (1) the officers "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in

3

applying for a warrant;" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause." Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir.2000) (internal quotation marks and citations omitted). If the police lacked probable cause to arrest Gresh, he could also have a claim for false imprisonment. See Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995).

According to Gresh, the police officer defendants knowingly made false statements in the warrant applications. In particular, Gresh suggests that the witness whose identification of him was used to support probable cause for the burglary arrest retracted that identification at the preliminary hearing, testifying that "she observed a person, but not his face, as he exited [the victims' home]." Importantly, however, there is no indication that the witness equivocated in her initial identification of Gresh, or that the police had any reason to doubt her statement when submitting the arrest warrant application. To the extent that Gresh alleges that he was falsely arrested for the drug offenses, his claim also is without merit. There was probable cause to support the arrest warrant based on a police affidavit describing the drugs and drug paraphernalia found in Gresh's automobile. Furthermore, because the police had probable cause to arrest Gresh, his malicious prosecution claims must fail. See, e.g., Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir.2003) (holding that a malicious prosecution plaintiff must show, inter alia, that the criminal proceeding was initiated without probable cause).

Gresh also seeks damages for an allegedly illegal search and seizure of his automobile. In order to recover compensatory damages, Gresh must prove, inter alia, that

4

the search and seizure were illegal. See Heck v. Humphrey, 512 U.S. 477, 487 n.7 (1994). The search of Gresh's car was justified under the automobile exception to the warrant requirement. That exception "permits law enforcement to seize and search an automobile without a warrant if probable cause exists to believe it contains contraband." United States v. Burton, 288 F. 3d 91, 100 (3d Cir. 2002). Probable cause exists when, viewing the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983); see also U.S. v. Rickus, 737 F.2d 360, 367 (3d Cir. 1984) (holding that "objective facts of this case certainly justified the officers in concluding that there was a fair probability that evidence of a burglary would be found in the car"). The police had probable cause to search Gresh's car based on a named witness's statement that she had seen Gresh carry electronic equipment from the burglary victims' home to his vehicle. Cf. Merkle v. Upper Dublin School District, 211 F.3d 782, 790 (3d Cir. 2000) (holding that "knowledge of a credible report from a [single] credible eyewitness" can be sufficient to demonstrate probable cause for a warrantless arrest).

We agree with the District Court that Gresh has not established claims for "violations of procedural and substantive due process," conspiracy, and "punitive police misconduct/outrageous governmental misconduct." Gresh failed to elaborate factually or legally on these claims, stating only that he intended to include such causes of action. These conclusory allegations, however, are simply insufficient to state a claim. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (stating that "a court

5

need not credit a complaint's bald assertions or legal conclusions when deciding on a motion to dismiss") (internal quotations omitted).  In addition, we conclude that the District Court acted within its discretion in dismissing without prejudice Gresh's state-law infliction of emotional distress claim.  See 28 U.S.C. § 1367(c)(3) (providing that a District Court has discretion to decline to exercise supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction"); Maio v. Aetna, Inc., 221 F.3d 472, 480 n.6 (3d Cir. 2000).

For the foregoing reasons, we conclude that no substantial question is presented by this appeal.  See I.O.P. 10.6.  Accordingly, we will summarily affirm.  For the reasons set forth in footnote 2, Appellees' motion to dismiss is denied.

Judge Roth voted to refer to the merits panel.